IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA W. PHARES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-11-1480-C |
| v. | ) |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Murder in the First Degree, Robbery with a Dangerous Weapon, and Possession of Controlled Dangerous Substance with Intent to Distribute entered in the District Court of Oklahoma County, Case No. CF-2004-157. Respondent has moved to dismiss the action on timeliness grounds and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as time-barred.

I. Background

In an information filed in the District Court of Oklahoma County, Oklahoma, on

January 9, 2004, Petitioner was charged with four felony offenses, including Murder in the First Degree (count one), Robbery in the First Degree (count two), Possession of Controlled Dangerous Substance (cocaine) with Intent to Distribute (count three), and Possession of Controlled Dangerous Substance (methamphetamine)(count four).  Response, Ex. 2 (docket sheet in State of Oklahoma v. Joshua Wesley Phares, Case No. CF-2004-157, District Court of Oklahoma County, Oklahoma), at 3. Counsel was appointed to represent Petitioner, and a preliminary hearing was conducted on May 25, 2004. Response, Ex. 2, at 5.  At the conclusion of a five-day jury trial conducted in December 2005, Petitioner was convicted of the offenses in counts one, two, and three. Response, Ex. 2, at 10.[1]  The jury recommended sentences of life imprisonment without the possibility of parole for the Murder conviction, 20 years of imprisonment for the Robbery conviction, and 15 years of imprisonment for the drug distribution offense.  On January 17, 2006, the trial court sentenced Petitioner accordingly and ordered that the sentences be served concurrently.  Response, Ex. 2, at 13; Response, Ex. 1, at 1.

Petitioner appealed his convictions, and in an opinion issued July 20, 2007, the Oklahoma Court of Criminal Appeals ("OCCA") made extensive factual findings with respect to the evidence presented at Petitioner's trial. Response, Ex. 1 (Phares v. State, Case No. F-2006-70 (Okla. Crim. App. Jul. 20, 2007)).  The OCCA rejected Petitioner's claims that the trial court erred in denying his motion to suppress statements made by Petitioner at

---

[1] At some point before or during the trial, the prosecutor dismissed the charge against Petitioner in count four. Response, Ex. 2, at 10.

the scene of his arrest and at the police station, that the trial court erred in refusing to give his requested jury instruction on voluntary intoxication, and that the trial court erred in giving, over his objection, an impeachment instruction concerning Petitioner's testimony about his prior convictions.

In light of the OCCA's previous decision in Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006), the OCCA found meritorious Petitioner's claim of trial court error in refusing to give his requested instruction on Oklahoma's 85% Rule.[2] The OCCA expressly found that

> [t]he trial court's failure to give Phares's requested instruction on the 85% Rule is error under *Anderson* and its progeny. Had the jury been informed that Phares would have to serve a minimum of 85% of any sentence before becoming parole eligible, the minimum of which for first degree murder (life imprisonment) is 38.3 years, it may well have considered imposing a lesser sentence than life imprisonment without the possibility of parole. Under these circumstances the appropriate remedy is to remand this case for a new sentencing proceeding with appropriate instruction on Count 1.

Response, Ex. 1, at 9-10 (footnote omitted). The court affirmed the judgment and sentence entered on counts two and three and affirmed the judgment on count one. The court remanded the case to the district court with instructions to conduct a new sentencing proceeding with appropriate instructions on count one. Id. at 10.

After remand, the district court granted the parties several extensions of time.

---

[2]As the OCCA explained in the decision, Oklahoma's 85 % Rule "limits parole eligibility for enumerated offenses, including first degree murder, first degree manslaughter and robbery with a dangerous weapon. 21 O.S.Supp.2002, §§ 12.1 - 13.1." Response, Ex. 1, at 8, n. 8.

Petitioner was resentenced on January 30, 2009, apparently by agreement between Petitioner and the prosecution, to life imprisonment on count one, with the sentence in count one running concurrently with the previously-imposed term of imprisonment in count two, and the previously-imposed term of imprisonment in count three running consecutively to the sentences in counts one and two. Response, Ex. 2, at 21.  An amended judgment and sentence was entered in the case on February 3, 2009. Id.  Petitioner did not file an appeal following the resentencing.

Petitioner filed the instant Petition on December 14, 2011.  In his Petition, he contends in ground one that his constitutional rights were violated by the trial court's decision overruling his motion to suppress the evidence of his statements to police at the scene of his arrest and at the police station.  In ground two, Petitioner contends that his constitutional rights were violated by the trial court's refusal to give his requested instruction on the defense of voluntary intoxication.  In ground three, Petitioner contends that his constitutional rights were violated when the trial court instructed the jury, over his objection, on impeachment evidence concerning his prior convictions. In ground four, Petitioner raises the issue of the trial court's failure to instruct the jury on Oklahoma's 85% Rule as to his robbery and murder convictions.  All of these issues were raised in Petitioner's direct appeal.

II. Statute of Limitations

Respondent contends that the Petition is barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1). Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amended 28 U.S.C. § 2244 by imposing

a one-year limitation period upon the filing of a habeas petition by a state prisoner challenging a conviction. 28 U.S.C. § 2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] In order to determine whether the Petition was timely filed, the Court must determine the date on which Petitioner's convictions became final. This is a federal question. See Clay v. United States, 537 U.S. 522, 530-531 (2003)("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule."). Respondent contends that Petitioner's convictions entered in Case No. CF-2004-157 became final on February 9, 2009, or ten days after Petitioner was resentenced. In support of this argument, Respondent asserts that Petitioner had ten days under Oklahoma law after the date of his resentencing to file a notice of intent to appeal. See Rule 2.5(A), Rules of the Oklahoma Court of Criminal Appeals. See also Allen v. Clements, 2011 WL 5244326 (D. Colo. Nov. 2, 20110(unpublished order)( finding habeas petitioner's convictions became final when the time expired to file notice of appeal following his resentencing on remand). Petitioner did not file a notice of intent to appeal

---

[3]Of the four dates prescribed in § 2244(d) for beginning the statute of limitations, only the date prescribed in § 2244(d)(1)(A) is relevant here.

after the resentencing, and therefore, Respondent contends, the convictions became final on February 9, 2009.

In his responsive pleading, Petitioner asserts that some later date would be appropriate for determining the start of the one-year limitation period, but he does not clearly assert any particular date as the starting point. Petitioner first relies on an opinion issued by the Sixth Circuit Court of Appeals in which the habeas petitioner asserted that the § 2244(d)(1) limitation period did not begin as to his claims related to his sentence until, under 28 U.S.C. § 2244(d)(1)(D), he discovered his right to appeal from his guilty-plea-based conviction. DiCenzi v. Rose, 452 F.3d 465, 469-470 (6th Cir. 2006). The appellate court in DiCenzi reversed the district court's decision which had held that the petitioner's sentence became final on the date of his sentencing. The court remanded the case to the district court to allow the court to determine when the petitioner first learned of his right to appeal and also to determine when a reasonably diligent person in the petitioner's position could be reasonably expected to learn of his appeal rights where the transcript of his sentencing showed he was not advised of his right to appeal. Id. at 471.

Petitioner does not contend that he was unaware of his right to appeal following his resentencing. Thus, DiCenzi is inapposite. The other decision cited by Petitioner is the Supreme Court's decision in Jimenez v. Quarterman, 555 U.S. 113 (2009), in which the Court held that a state court's order granting an out-of-time appeal resets the § 2244(d)(1) limitations clock. Id. at 120-121. The Court explained that the "plain language" of §2244(d)(1) "points to the conclusion of direct appellate proceedings in state court" as the

6

"uniform date of finality" and "requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appellate review process was completed" in order to establish the date on which a conviction became "final" for purposes of § 2244(d)(1)(A). Id. at 121.  The Supreme Court's decision in Jimenez does not, as Petitioner suggests, indicate that every habeas petitioner should be given the benefit of the 90-day period within which litigants who have appealed their convictions may seek certiorari in the Court.

In Petitioner's case, he was resentenced on January 29, 2009.  Under the rules of the OCCA, Petitioner had ten days from the "date the Judgment and Sentence is imposed in open court" to "file with the trial court clerk a notice of intent to appeal and designation of record . . . ." Rule 2.5(A), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app.  In this Rule, the OCCA states that "[t]he filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Id.  Accordingly, Petitioner's convictions became final on February 9, 2009, when the time for him to file the notice of intent to appeal and designation of record in the district court expired. See San Roman v. Vaughn, 442 Fed.Appx. 365, 366 n. 2, 2011 WL 4509488 (10th Cir. Sept. 30, 2011)(unpublished order)(finding that revocation of habeas petitioner's suspended sentence became final ten days after the state district court pronounced the order revoking the suspended sentence, where the petitioner did not file a notice of intent to appeal within ten days of the district court's pronouncement, as required by the OCCA's Rule 2.5(A)); Ellis v. Jones, 302 Fed.Appx. 817, 819 (10th Cir. Dec.

11, 2008)(unpublished order)(finding statute of limitations began to run ten days after judgment and sentence were entered where petitioner brought no direct appeal, citing, e.g., OCCA's Rule 2.5(A)); Nicholson v. Higgins, 147 Fed.Appx. 7, 8, 2005 WL 1806446 (10th Cir. Aug. 2, 2005)(unpublished order)(finding state district court's revocation order became final ten days after habeas petitioner's suspended sentence was revoked where he did not file a notice of appeal within ten days, as required by OCCA's Rules 2.1 and 2.5).

In the absence of equitable tolling of the limitation period, the one-year limitation period applicable to Petitioner's convictions in Case No. CF-2004-157 began on February 10, 2009, and expired one year later on February 10, 2010. Petitioner contends that "extraordinary circumstances" warrant the application of equitable tolling principles to extend the limitation period beyond the filing date of his Petition.

III. Equitable Tolling of Limitation Period

The 28 U.S.C. § 2244(d)(1) limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)(one-year limitation period may in rare and extraordinary circumstances "be subject to equitable tolling"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Such circumstances may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.),

cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner asserts that he diligently pursued his federal claims by requesting federal habeas forms from the Clerk of this Court both before and after he was resentenced in the state court, but the Court Clerk did not respond to his requests. However, one of the exhibits attached to his responsive pleading is a copy of an envelope indicating that the envelope was sent to Plaintiff by the Clerk of this Court and file-stamped as "received" in the LCF mailroom on July 24, 2009. Petitioner's assertion that the Court Clerk failed to respond to his requests is not consistent with his own evidentiary documents. Petitioner does not contend that he took further steps to obtain the necessary forms after the Court Clerk failed to respond to his two requests.

Petitioner also contends that he was involved in an "altercation" that resulted in "head trauma" in July 2009, which "affected [his] ability to concentrate." Petitioner's response, at 3. Even assuming that Petitioner's alleged injury temporarily affected his mental capacity, Petitioner has not provided sufficient evidence to show that he was mentally incapable of preparing and timely filing a federal habeas petition.

Petitioner further contends that he was in custody at Lawton Correctional Facility ("LCF") following his resentencing, that at LCF he was confined in an administrative

segregation unit between August 2009 and December 2009, that LCF was "placed on lockdown which lasted until March 2010," that he was transferred to Davis Correctional Facility ("Davis") in December 2009, that two "facility lockdowns" occurred at Davis, that he was confined in a segregation unit at Davis in November 2011, and that between August 2009 and April 2010 he had no "legal assistance to perfect appeal." Id. at 4.

Although Petitioner admits he was aware that a private attorney was contracted by Davis to provide inmates with legal assistance, he contends that a "Request to Staff" directed to the attorney's office on some unspecified date "went unanswered" and that he was unaware "at that time" that he was required to use a specific form for communicating with the attorney.

Respondent has provided documentary evidence in the form of an affidavit authored by the grievance coordinator at Davis in which the prison official avers (1) that the Davis facility was in lockdown on three occasions, from December 9, 2009 until February 21, 2010, from May 17, 2010 to May 22, 2010, and from July 8, 2010 to July 23, 2010, (2) that Davis provides inmate legal assistance through contract attorneys, and (3) that Petitioner did not submit a grievance to the Warden at Davis concerning a pending legal deadline. Response, Ex. 3.

Petitioner has failed to provide sufficient specificity about his alleged lack of access to a law library or legal resources and the steps he took to diligently pursue his federal claims prior to the expiration of the limitation period in February 2010. Even if Petitioner was confined under circumstances that limited his access to a law library or legal assistance for

portions of the relevant time period, the Petition merely repeats the issues asserted in his direct appeal. Petitioner has therefore not shown how these circumstances, either temporary periods of lockdown or his confinement to administrative segregation, prevented him from pursuing his federal habeas remedy. See Sandoval v. Jones, 2011 WL 2321451, * 2 (10th Cir. June 14, 2011)(unpublished order)(habeas petitioner's vague reference to prison being on lockdown does not provide extraordinary circumstances justifying application of equitable tolling to extend limitation period).

Nor has Petitioner explained the extensive delay of nearly two years in the filing of his federal habeas petition after the limitation period expired. Thus, he has provided neither extraordinary circumstances or evidence demonstrating he diligently pursued his federal claims. Petitioner has also pointed to no new evidence suggesting he is actually innocent. See House v. Bell, 547 U.S. 518 (2006)(actual innocence claims require "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial")(quotation omitted).

Because Petitioner is not entitled to equitable tolling of the limitation period, and that period expired long before Petitioner filed the instant Petition, federal habeas review of the issues raised in the Petition are foreclosed under 28 U.S.C. § 2244(d)(1).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as barred by the expiration of the statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). The parties are advised of

their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___March 8th___ , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___17th___ day of ___February___, 2012.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE